**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5288-18T3

MANNIX DANIELS,

    Petitioner-Appellant,

v.

NEW JERSEY STATE
POLICE,

    Respondent-Respondent.

_____

Argued November 16, 2020 – Decided January 26, 2021

Before Judges Currier and DeAlmeida.

On appeal from the New Jersey Division of State Police.

Kevin T. Conway argued the cause for appellant.

Tasha Marie Bradt, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Jane C. Schuster, Assistant Attorney General, of counsel; Erica R. Heyer, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Mannix Daniels appeals from the May 16, 2019 final agency decision of the Acting Superintendent of the State Police denying his application for a certificate of registration as a security officer because of a prior criminal conviction. We affirm.

I.

The following facts are derived from the record. Daniels is a New Jersey resident who applied to the New Jersey Division of State Police for a certificate of registration as a security officer. Such a certificate is necessary to be employed in this State as a security officer in most circumstances. N.J.S.A. 45:19A-4(a). On the application, Daniels replied "No" to the following questions:

(1)  "Have you ever been convicted of a crime of the first, second, third or fourth degree in New Jersey, or convicted of a crime in New Jersey or any other State . . . which subjected you to imprisonment for more than six months?"; and

(2)  "Have you ever been convicted of any other crime or offense?"[1]

---

[1] Daniels also answered "No" to the question "[a]re you licensed or certified as a security officer in any other State . . .?" According to representations made in Daniels's brief, his response to this question was false. The Acting Superintendent did not deny Daniels's application based on his answer to this question.

A-5288-18T3

A background check revealed that Daniels was convicted of third-degree robbery in New York State in December 1995.[2]

On October 9, 2018, the Division denied Daniels's application based on his conviction of third-degree robbery pursuant to N.J.S.A. 45:19A-4(c), which provides in relevant part that

> [n]o person shall be issued a certificate of registration as a security officer . . . if the person has been convicted, as indicated by a criminal history background check performed pursuant to the provisions of this section, of: a crime of the first, second, third or fourth degree . . . or any offense where the registration of the individual would be contrary to the public interest, as determined by the superintendent . . . .
>
> [N.J.S.A. 45:19A-4(c).]

Daniels contested the denial and requested a hearing. The Division transferred the matter to the Office of Administrative Law, where it was assigned to Administrative Law Judge (ALJ) Ernest M. Bongiovanni. The Division moved for summary disposition. Daniels did not file opposition.

ALJ Bongiovanni issued an initial decision granting the Division's motion and affirming the denial of Daniels's application. The ALJ found there was no

---

[2]  It appears that Daniels was also convicted in New York of second-degree criminal impersonation on April 18, 2000, and third-degree aggravated unlicensed operation of a motor vehicle on January 1, 2000. The Acting Superintendent did not rely on these convictions in reaching his decision.

A-5288-18T3

genuine dispute as to the material fact that Daniels was convicted of third-degree robbery. In addition, ALJ Bongiovanni concluded that N.J.S.A. 45:19A-4(c) unambiguously precludes Daniels from receiving a certificate of registration as a security officer because of his criminal conviction.

Daniels did not file exceptions to the ALJ's initial decision. On May 16, 2019, the Acting Superintendent issued a final agency decision adopting the ALJ's initial decision for the reasons stated therein.

This appeal followed. Daniels raises the following argument for our consideration.

> THIS COURT SHOULD CONDUCT A DE NOVO REVIEW AND GRANT A HEARING TO CHALLENGE THE NEW JERSEY STATE POLICE'S DENIAL OF THE APPELLANT'S APPLICATION FOR A CERTIFICATE OF REGISTRATION AS A SECURITY OFFICER.

II.

Our review of decisions by administrative agencies is limited, with petitioners carrying a substantial burden of persuasion. In re Stallworth, 208 N.J. 182, 194 (2011). An agency's determination must be sustained "'unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (quoting In re Hermann, 192 N.J. 19, 27-28

4

(2007)). "[I]f substantial evidence supports the agency's decision, 'a court may not substitute its own judgment for the agency's even though the court might have reached a different result . . . .'" <u>In re Carter</u>, 191 N.J. 474, 483 (2007) (quoting <u>Greenwood v. State Police Training Ctr.</u>, 124 N.J. 500, 513 (1992)). We are not, however, bound by an agency's interpretation of legal issues, which we review de novo. <u>Russo</u>, 206 N.J. at 27.

Having carefully reviewed the record in light of the relevant legal precedents, we affirm the Acting Superintendent's final agency decision. The relevant legislative provision is unequivocal. "No person shall be issued a certificate of registration as a security officer" if they have been convicted of a criminal offense of the third degree. N.J.S.A. 45:19A-4(c). Daniels does not deny that he was convicted of third-degree robbery. He is, therefore, disqualified by statute from receiving a certificate of registration as a security officer. The Acting Superintendent correctly applied the law when he denied Daniels's application.

Daniels argues that he was denied due process because he was not given an opportunity "to cross-examine the Agency's decision and put on his own case supporting the grant of the requested relief." It is clear from the record, however, that Daniels did not file opposition to the Division's motion for

summary disposition before ALJ Bongiovanni. Nor did Daniels file exceptions to the ALJ's initial decision. He failed to take advantage of two opportunities to contest the fact of his conviction and to argue that the unambiguous statutory prohibition does not apply to him.

In addition, Daniels argues that the Acting Superintendent's decision is invalid because New York State issued a "certificate of relief from disabilities" with respect to his third-degree robbery conviction. This argument was not raised before the ALJ or the Acting Superintendent. The certificate on which Daniels relies is not part of the administrative record, given that it was not filed with the agency. R. 2:5-4(a). It is not listed in the statement of items comprising the record on appeal. R. 2:5-4(b).

Daniels did not move to supplement the record. Instead, his counsel included in his appendix what appears to be a copy of the certificate of relief from disabilities. The certificate is not accompanied by an affidavit attesting to its authenticity. In addition, although the certificate states "SEE REVERSE SIDE FOR EXPLANATION OF THE LAW GOVERNING THIS CERTIFICATE," a copy of the reverse side of the certificate is not included. We note too that Daniels's brief cites no statute, regulation, or legal precedent explaining the meaning of the certificate or whether it has any legal significance

6

in New Jersey. We, therefore, decline to consider Daniels's arguments relating to the New York certificate of relief from disabilities. Townsend v. Pierre, 221 N.J. 36, 45 n.2 (2015) ("We do not consider [evidence] that was not presented to the trial court and that was submitted by the parties for the first time on appeal.") (citing Rule 2:5-4(a)).[3]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Similarly, we do not consider the Acting Superintendent's argument, raised for the first time on appeal, that denial of Daniels's application was warranted because he knowingly made false statements in his application. See N.J.A.C. 13:55A-3.7(a)(6).